# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO OROZCO, | ) CASE NO.: CV09-0597 SVW (CWx) |
| | ) *Assigned For All Purposes To:* |
| Plaintiff, | ) *The Honorable Stephen V. Wilson,* |
| | ) *Courtroom 6* |
| vs. | ) |
| | ) **PROTECTIVE ORDER** |
| MAYWOOD-CUDAHY POLICE OFFICER T. URBINA (#386); MAYWOOD-CUDAHY POLICE OFFICER ALVAREZ (#297); THE CITY OF MAYWOOD, a public entity; THE CITY OF CUDAHY; and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) Complaint Filed: January 27, 2009 |
| _____ | ) |

Upon the Parties' stipulation and good cause appearing therefore, IT IS HEREBY ORDERED as follows:

///

///

**1.    PURPOSES AND LIMITATIONS**

Plaintiff has requested the production of officer personnel files, reports of prior misconduct and other documents which the Defendants deem as confidential, including, but not limited to, such documents and information designated under Penal Code §§164e, 832.5, 832.7 and 1328.5, and Article I, Section I of the California Constitution ("Protected Material"). Disclosure is likely to involve the production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses of discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principals to treatment as confidential.

## 2. SCOPE

The protections conferred by this Order cover all requests for production of documents by Plaintiff, documents subpoenaed by Plaintiff, and any production orders by the Court herein.

Additionally, the protections conferred by this Order cover not only Protected Material, but also any information extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony by parties, witnesses or counsel to or in court or in other settings that might reveal Protected Material. Counsel shall not be required to produce the personal residential address, social security number, financial account number/records, medical information or other confidential financial or health records of any officer, or the names of family members or personal acquaintances contained in any documents which are produced.

## 3. DISCLOSURE OF CONFIDENTIAL INFORMATION

The party producing information which it considers to be "Confidential" shall so designate as such in a conspicuous manner at the time of the production. In particular, and by way of example, all documents designated as "Confidential" and intended to be covered under this Protective Order shall be stamped "Confidential" on

each page. Such designation shall be positioned outside the margin of any and all text and shall not obstruct the document in any manner. Where practical, if only a portion of the document contains "Confidential" information, then only that portion of the document shall be designated as such. "Confidential" matters may be disclosed to the following "qualified persons" only:

    (a)    A party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action and only under the conditions set forth herein;

    (b)    Experts or consultants to any party (along with clerical or secretarial staff);

    (c)    Attorneys of record, including paralegals, clerks, legal assistants and support personnel;

    (d)    Court reporters employed in this action;

    (e)    A witness at any deposition or other proceeding in this action and/or counsel for such witness. Such a witness could only have access to the information if he or she is testifying regarding the matter which is confidential and only if the witness agrees to keep the matter confidential; and

    (f)    Any other person to whom the parties agree in writing or stipulate on the record.

### 4. COUNSEL-ONLY DESIGNATION OF CONFIDENTIAL INFORMATION

In connection with discovery proceedings in this action, the parties or any third party may designate any documents, thing, material or testimony or other information derived wherefrom as "Confidential Information – Counsel Only" under the terms of this Order. "Confidential Information – Counsel Only" includes confidential and/or proprietary information of a party or information otherwise confidential concerning a party to the extent that such information is not disseminated by the party or publicly available. The parties or any third party may designate material "Confidential

Information – Counsel Only" in the same manner in which they would designate the material Confidential under this Order. "Confidential Information – Counsel Only" shall only be disclosed to or viewed by counsel for a party (along with paralegals, clerical or secretarial staff) but shall not be disclosed to the parties or their consultants or experts.

**5. RESTRICTED USE OF INFORMATION DESIGNATED "CONFIDENTIAL" OR "CONFIDENTIAL INFORMATION – COUNSEL ONLY"**

All materials designated "Confidential" or "Confidential Information – Counsel Only" shall only be used for the prosecution, defense, or settlement of this lawsuit. Within sixty (60) days after entry of dismissal or final judgment in this action including appeals, or termination of this case by way of satisfied settlement, counsel for the parties shall assemble and deliver to each other all "Confidential"/"Confidential Information - Counsel Only" material. In the event of third party confidential information, such documents shall be delivered to the counsel for the party asserting confidential designation. In the alternative, the producing party and receiving party may stipulate that all or some documents containing "Confidential Information" may be destroyed so long as an appropriate certification satisfactory to the producing party is provided.

**6. CONTESTED DESIGNATION – COURT TO MAKE FINAL DETERMINATION REGARDING "CONFIDENTIAL" OR "CONFIDENTIAL INFORMATION – COUNSEL ONLY" DESIGNATION**

Any party may contest the designation of a document as "Confidential" or "Confidential Information – Counsel Only" or request that a document not otherwise covered by this order be considered confidential by applying to the Court or Court-appointed designee for a ruling.

For example, in the event that a party deems documents "Confidential" or "Confidential Information – Counsel Only" on the basis that the documents are

protected from disclosure pursuant to Penal Code section 832.7, Evidence Code section 1045, the "official information" qualified privilege, and/or a party's right to privacy under state and/or federal law, the opposing party may apply to the Court or Court-appointed designee for a ruling on the "Confidential" or "Confidential Information – Counsel Only" designation, which ruling shall be binding.

The party requesting confidentiality shall have the burden of showing that such designation is appropriate. Counsel shall first undertake a good faith effort to resolve any such issue prior to submission to judicial intervention. An appropriate basis for seeking to have a document originally designated as "Confidential Information-Counsel Only" re-designated as "Confidential" by the Court, shall be the document or materials, or portions thereof, are necessary as evidence in the prosecution or defense of the action.

### 7. SUBPOENAS

Any party seeking information or documents from a third party (not a party to this action) shall also serve a copy of this Order simultaneously with the subpoena. In the event any person or party having possession, custody or control of any Protected Material receives a subpoena or other discovery request to produce such information, such person or party shall promptly notify, in writing, the attorneys of records for the party claiming such confidential treatment of the document, information or item, shall furnish those attorneys of record with a copy of said subpoena or other discovery request and shall cooperate with respect to any procedure to protect such information or documents as may be sought for the party whose interests may be affected. If any party makes an objection, there shall be no disclosure of the subject matter objected to pursuant to the subpoena or process order until the Court or Court-appointed designee shall have ruled upon the resulting motion, if any, and then production shall be made only in accordance with the ruling so made. If no such motion is made after a reasonable opportunity to do so, the person or entity receiving the subpoena shall be entitled to comply with the subpoena.

**8. REASONABLE STEPS**

Each party shall take all reasonable steps necessary to have any third person/entity acknowledge and agree to be bound by the terms of this Order. Each party reserves its right to seek appropriate relief from the Court if necessary to enforce full compliance with this Order.

**9. COURT PROCEDURES**

In the event that any "Confidential" documents or information is included with, or the contents thereof are disclosed in any discovery materials that are submitted as a basis for adjudication, such documents or information shall be filed under seal.

**10. THIRD-PARTY ADDENDA**

Any third party providing "Confidential" or "Confidential Information-Counsel Only" pursuant to this Order shall be required to sign an addendum to this agreement agreeing to be bound by this Order. Such addendums need not be filed with the Court, but the original of any such addendum shall be maintained by the party requesting the production of such documents or information from the third party.

**11. ORDER IS WITHOUT PREJUDICE**

This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is "Confidential" or "Confidential Information - Counsel Only" or whether its use should be restricted; or to present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein. Any motion shall be subject to the Court's ruling governing discovery.

**12. NO ADMISSION OR WAIVER**

This Order is entered solely for the purpose of facilitating the exchange of documents and testimony of individuals without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document(s) under the terms of this Order, nor any proceeding pursuant to this Order

shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be deemed to alter in any way a party's right to object to any discovery requests on any other grounds.

### 13. RETRIEVAL OF INADVERTENTLY PRODUCED MATERIAL

If a "Confidential" or "Confidential Information – Counsel Only" document is inadvertently produced without proper designation, the producing party may so advise the recipient in which event the recipient shall exert every reasonable effort to treat the document or information as though timely designated and shall cooperate in its retrieval.

### 14. FORM: AGREEMENT TO BE BOUND BY COURT ORDER

All persons receiving "Confidential" or "Confidential Information – Counsel Only" material shall be required, before receiving any such material, to sign the AGREEMENT TO BE BOUND BY COURT ORDER FORM incorporated into this Order by this reference as Exhibit A.  Counsel for each party shall retain the original signed form which they obtained from the person with whom they share confidential material.

### 15. PARTIES' OWN INFORMATION

Nothing herein shall impose any restrictions on a party from disclosing its own "Confidential" or "Confidential Information – Counsel Only" information as it deems appropriate.  The restrictions on the use of "Confidential" or "Confidential Information – Counsel Only" information established by this Order are applicable only to the use of material received from another party.

///

///

///

### 16. AGREEMENT TO BE BOUND

1  The parties agree to be bound by this stipulation even if this Order is later
2  terminated by the Court without the consent of all parties.
3  **IT IS SO ORDERED.**
4
5  Dated:  Nov. 10, 2009        _____
6              Hon. Carla M. Woehrle U.S. Magistrate
7              Judge of the United States District Court

# EXHIBIT A

## AGREEMENT TO BE BOUND BY COURT ORDER FORM

I, _____, (business address and telephone number ) _____ hereby acknowledge and certify that I have received a copy of the Order in the matter of *Ricardo Orozco v. Maywood-Cudahy Police Department Officer T. Urbina (#386), et al.*, bearing United States District Court, Central District of California, Case Number CV09-0597 SVW (CWx).  I have read and understand the Order.  I agree to be bound by all the provisions of the Order and to comply with its terms.

I understand and agree that any information which I receive pursuant to this Order shall be used solely in connection with the prosecution or defense of this lawsuit entitled *Ricardo Orozco v. Maywood-Cudahy Police Department Officer T. Urbina (#386), et al*.  I shall not reveal any information received pursuant to this Order to any person except in compliance with this Order.  I further understand and agree that all such "Confidential" information and copies of the same shall be returned upon demand to counsel for the party that produced the "Confidential" documents, and in no event no later than sixty (60) days after the termination of this proceeding.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on _____, 20\_\_\_\_\_, at_____, California.

Name: _____

Signature: _____